**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KEVIN T. LAVERY, M.D.,

     Plaintiff,

v.                                                       Case No. 2:22-cv-10613-BAF-KGA

PURSUANT HEALTH, INC.

     Defendant.

**DEFENDANT PURSUANT HEALTH, INC.'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Pursuant Health, Inc. ("Pursuant"), by and through counsel, responds as follows to Plaintiff Kevin T. Lavery, M.D.'s ("Plaintiff" or "Lavery") March 22, 2022 Complaint:

1.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 and therefore denies the allegations.

2.     Pursuant admits that Plaintiff is an ophthalmologist and physician. Pursuant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 2 and therefore denies the allegations.

3.     Pursuant admits that Plaintiff is the named inventor on the Patent. Pursuant is without information or knowledge sufficient to form a belief as to the

-1-

truth of the remaining allegations set forth in Paragraph 3 and therefore denies the allegations.

4.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 and therefore denies the allegations.

5.     Pursuant admits that Plaintiff is the named inventor on the Application. Pursuant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 5 and therefore denies the allegations.

6.     Pursuant admits that Plaintiff is the named inventor on the Patent. Pursuant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 6 and therefore denies the allegations.

7.     Pursuant admits the allegations in Paragraph 7.

8.     Pursuant admits Lavery filed this action, but Pursuant denies that Lavery is entitled to any relief. Pursuant denies the remaining allegations in Paragraph 8.

9.     Pursuant denies the allegations in Paragraph 9.

10.     Pursuant admits Lavery seeks damages, declaratory relief, and injunctive relief, but Pursuant denies that Lavery is entitled to such relief. Pursuant denies the remaining allegations in Paragraph 10.

11.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and therefore denies the allegations.

12.     Pursuant states that the Operating Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 12 to the extent inconsistent with the Operating Agreement. Pursuant denies the remaining allegations in Paragraph 12.

13.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 and therefore denies the allegations.

14.     Pursuant admits that Lavery entered the Contribution Agreement, and that Exhibit 3 appears to reflect a copy of the Contribution Agreement.  Pursuant is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 14 and therefore denies the allegations.

15.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in

Paragraph 15 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 15.

16.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 16 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 16.

17.    Pursuant states that the Contribution Agreement and Operating Agreement speak for themselves and are the best evidence of their contents. Pursuant denies the allegations in Paragraph 17 to the extent inconsistent with the Contribution Agreement and Operating Agreement. Pursuant denies the remaining allegations in Paragraph 17.

18.    Pursuant denies the allegations in Paragraph 18.

19.    Pursuant denies the allegations in Paragraph 19.

20.    Pursuant denies the allegations in Paragraph 20.

21.    Pursuant denies the allegations in Paragraph 21.

22.    Pursuant denies the allegations in Paragraph 22.

23.    Pursuant admits that Exhibit 2 appears to reflect a copy of the Patent. Pursuant states that the Patent speaks for itself and is the best evidence of its

contents. Pursuant denies the allegations in Paragraph 23 to the extent inconsistent with the Patent. Pursuant denies the remaining allegations in Paragraph 23.

24.     Pursuant admits that it manufactures a self-service health and wellness kiosk, but Pursuant denies that it manufactures a self-service vision testing kiosk. Pursuant denies the remaining allegations in Paragraph 24.

25.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 and therefore denies the allegations.

26.     Pursuant admits the allegations in Paragraph 26.

27.     Pursuant admits the allegations in Paragraph 27.

28.     Pursuant admits the allegations in Paragraph 28.

29.     Pursuant admits the allegations in Paragraph 29.

30.     Pursuant admits the allegations in Paragraph 30.

31.     Pursuant admits the allegations in Paragraph 31.

32.     Pursuant admits that Lavery seeks relief in connection with his Complaint, but Pursuant denies Lavery's entitlement to such relief. Pursuant denies the remaining allegations in Paragraph 32.

33.     Pursuant admits that Lavery seeks relief in connection with his Complaint, but Pursuant denies Lavery's entitlement to such relief. Pursuant denies the remaining allegations in Paragraph 33.

**RESPONDING TO PLAINTIFF'S ALLEGATIONS ABOUT THE "PARTIES"**

34.    Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 34 and therefore denies those allegations.

35.    Pursuant admits that it is organized and incorporated under the laws of the State of Delaware, but Pursuant denies that its principal place of business is located at 825 Progress Center Avenue, Suite A, Lawrenceville, Georgia 30043. The remaining allegations in Paragraph 35 set forth a legal conclusion to which no response is required.

**RESPONDING TO PLAINTIFF'S ALLEGATIONS ABOUT THE "JURISDICTION AND VENUE"**

36.    Pursuant states Paragraph 36 sets forth a legal conclusion to which no response is required.

37.    Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore denies those allegations.

38.    Pursuant states Paragraph 38 sets forth a legal conclusion to which no response is required.

39.    Pursuant states Paragraph 39 sets forth a legal conclusion to which no response is required.

## RESPONDING TO PLAINTIFF'S ALLEGATIONS
## ABOUT THE PURPORTED "*FACTS COMMON TO ALL COUNTS*"

A.   **Responding to Plaintiff's Allegations About "Dr. Lavery's groundbreaking work inventing a retinal scan kiosk."**

40.   Pursuant admits the Complaint's allegations relate to intellectual property, contractual rights, and trade secrets, but Pursuant denies the substance of those allegations. Pursuant denies the remaining allegations in Paragraph 40.

41.   Pursuant denies the allegations in Paragraph 41.

42.   Pursuant admits that its health and wellness kiosk includes a video display capable of receiving user data and displaying medical information. Pursuant denies the remaining allegations in Paragraph 42.

43.   Pursuant denies the allegations in Paragraph 43.

44.   Pursuant denies the allegations in Paragraph 44.

45.   Pursuant admits that a kiosk-based retinal scan, if fully functional and operational, allows a medical screening of a user or patient. Pursuant denies the remaining allegations in Paragraph 45.

46.   Pursuant admits that its health and wellness kiosk includes a touchscreen that provides instructions to and accepts input selections from the user. Pursuant denies the remaining allegations in Paragraph 46.

47.   Pursuant denies the allegations in Paragraph 47.

B.    **Responding to Plaintiff's Allegations About "Origins of Dr. Lavery's Business Relationship with SoloHealth for the Marketing and Development of Retinal Screening Kiosks."**

48.    Pursuant admits that Exhibit 1 appears to reflect a copy of the Application. Pursuant states that the Application speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 48 to the extent inconsistent with the Application. Pursuant denies the remaining allegations in Paragraph 48.

49.    Pursuant states that the Application and Patent speak for themselves and are the best evidence of their contents. Pursuant denies the allegations in Paragraph 49 to the extent inconsistent with the Application and Patent. Pursuant denies the remaining allegations in Paragraph 49.

50.    Pursuant denies the allegations in Paragraph 50.

51.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 51 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 51.

52.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in

Paragraph 52 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 52.

53.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 53 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 53.

54.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 54 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 54.

55.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 55 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 55.

56.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in

Paragraph 56 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 56.

57.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 57 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 57.

58.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 58 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 58.

59.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 59 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 59.

60.     Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in

Paragraph 60 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 60.

61.    Pursuant admits that the Agreement did not terminate by mutual agreement under Section 1.2(g)(i) of the Contribution Agreement, but Pursuant states that the Agreement terminated under Section 1.2(g)(iii).

62.    Pursuant admits that the Agreement did not terminate by reversion of the Intellectual Property to Lavery under Sections 1.2(g)(ii) and 4.1(a) of the Contribution Agreement, but Pursuant states that the Agreement terminated under Section 1.2(g)(iii).

63.    Pursuant admits that the Patent expired on May 23, 2021 and that the Agreement terminated under Section 1.2(g)(iii). Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 63 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 63.

64.    Pursuant denies the allegations contained in the first sentence of Paragraph 64. Pursuant admits that Exhibit 4 appears to reflect email correspondence. Pursuant states that the correspondence attached to the Complaint as Exhibit 4 speaks for itself and is the best evidence of its contents. Pursuant denies the allegations contained in the second sentence of Paragraph 64 to the extent inconsistent with Exhibit 4. Pursuant is without information or knowledge sufficient

to form a belief as to the authenticity or content of Exhibit 4 and therefore denies the remaining allegations in Paragraph 64.

65.     Pursuant admits that Exhibit 4 appears to reflect email correspondence, and that Exhibit 5 appears to reflect a draft document. Pursuant states that the materials attached to the Complaint as Exhibits 4 and 5 speak for themselves and are the best evidence of their contents. Pursuant denies the allegations in Paragraph 65 to the extent inconsistent with Exhibits 4 and 5. Pursuant is without information or knowledge sufficient to form a belief as to the authenticity or content of Exhibits 4 and 5 and therefore denies the remaining allegations in Paragraph 65.

66.     Pursuant denies the allegations contained in the first sentence of Paragraph 66. Pursuant admits that Exhibit 6 appears to reflect email correspondence. Pursuant states that the correspondence attached to the Complaint as Exhibit 6 speaks for itself and is the best evidence of its contents. Pursuant denies the allegations contained in the second sentence of Paragraph 66 to the extent inconsistent with Exhibit 6. Pursuant is without information or knowledge sufficient to form a belief as to the authenticity or content of Exhibit 6 and therefore denies the remaining allegations in Paragraph 66.

C.   **Responding to Plaintiff's Allegations About "Agreement to Manufacture, Promote, Market, and Sell Products Under the Patent as a Retinal Scan Kiosk."**

67.   Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 67 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 67.

68.   Pursuant denies the allegations contained in the first sentence of Paragraph 68.  Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 68 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 68.

69.   Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 69 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 69.

70.   Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining

allegations in Paragraph 70 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 70.

71.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 71 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 71.

72.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 72 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 72.

73.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 73 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 73.

74.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining

allegations in Paragraph 74 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 74.

75.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 75 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 75.

76.    Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the remaining allegations in Paragraph 76 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 76.

77.    Pursuant denies the allegations in Paragraph 77.

78.    Pursuant states that the allegations in Paragraph 78 set forth legal conclusions to which no response is required. To the extent a response is required, Pursuant denies the allegations in Paragraph 78.

79.    Pursuant states that the allegations in Paragraph 79 set forth legal conclusions to which no response is required. To the extent a response is required, Pursuant denies the allegations in Paragraph 79.

D.     **Responding to Plaintiff's Allegations About "A New Initiative: The Creation of Pursuant Health"**

80.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 and therefore denies the allegations.

81.     Pursuant admits the allegations in Paragraph 81.

82.     Pursuant admits the allegations in Paragraph 82.

83.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 and therefore denies the allegations.

## RESPONDING TO "COUNT I
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201"

84.     Pursuant incorporates its responses to each and every one of the Complaint's factual allegations as if fully stated herein.

85.     Pursuant admits that it contests Lavery's claims, but Pursuant denies that those claims are rightful. Pursuant denies the remaining allegations in Paragraph 85.

86.     Pursuant admits that Exhibit 2 appears to reflect a copy of the Patent. Pursuant states that the Patent speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 86 to the extent inconsistent with the Patent. Pursuant denies the remaining allegations in Paragraph 86.

87.     Pursuant admits that Exhibit 7 appears to reflect a copy of the Assignment of Patent. Pursuant states that the Assignment of Patent speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 87 to the extent inconsistent with the Assignment of Patent. Pursuant denies the remaining allegations in Paragraph 87.

88.     Pursuant admits that Exhibit 7 appears to reflect a copy of the Assignment of Patent. Pursuant states that the Assignment of Patent speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 88 to the extent inconsistent with the Assignment of Patent. Pursuant denies the remaining allegations in Paragraph 88.

89.     Pursuant admits that the Patent has expired, that Lavery is no longer entitled to a royalty under the Contribution Agreement, and that Pursuant has expressed this position to Lavery. Pursuant denies the remaining allegations in Paragraph 89.

90.     Pursuant is without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 and therefore denies the allegations.

91.     Pursuant states Paragraph 91 sets forth a legal conclusion to which no response is required.

92. Pursuant states Paragraph 92 sets forth a legal conclusion to which no response is required.

93. Pursuant states Paragraph 93 sets forth a legal conclusion to which no response is required.

## RESPONDING TO "COUNT II
## BREACH OF CONTRACT — CONTRIBUTION AGREEMENT"

94. Pursuant incorporates its responses to each and every one of the Complaint's factual allegations as if fully stated herein.

95. Pursuant states Paragraph 95 sets forth a legal conclusion to which no response is required.

96. Pursuant states Paragraph 96 sets forth a legal conclusion to which no response is required.

97. Pursuant admits that Exhibit 3 appears to reflect a copy of the Contribution Agreement. Pursuant states that the Contribution Agreement speaks for itself and is the best evidence of its contents. Pursuant denies the allegations in Paragraph 97 to the extent inconsistent with the Contribution Agreement. Pursuant denies the remaining allegations in Paragraph 97.

98. Pursuant denies the allegations in Paragraph 98.

99. Pursuant denies the allegations in Paragraph 99.

100. Pursuant denies the allegations in Paragraph 100.

## RESPONDING TO "COUNT III
## "UNJUST ENRICHMENT"

101.   Pursuant incorporates its responses to each and every one of the Complaint's factual allegations as if fully stated herein.

102.   Pursuant denies the allegations in Paragraph 102.

103.   Pursuant denies the allegations in Paragraph 103.

104.   Pursuant denies the allegations in Paragraph 104.

105.   Pursuant states Paragraph 105 sets forth a legal conclusion to which no response is required.

Pursuant Health denies each and every allegation contained in the unnumbered "[w]herefore" paragraph on pages 28-29 of the Complaint, including subparagraphs (A), (B), (C), (D), and (E) thereto.

## AFFIRMATIVE DEFENSES

Pursuant asserts the following affirmative defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiff.   Pursuant reserves the right to supplement its defenses as discovery progresses.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the expiration of U.S. Patent No. 6,594,607 (the "Patent"), because the expiration of the Patent rendered the royalty obligation under the October 11, 2007 Contribution Agreement (the "Contribution Agreement") void, unenforceable, and unlawful *per se* under applicable law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of patent misuse.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, under Section 1.2(g)(iii) of the Contribution Agreement, the "Term" of the Contribution Agreement ended upon "the expiration of the Patent."

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the Contribution Agreement.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff assigned his intellectual property rights to Pursuant under Sections 7, 8, and 9 of the October 11,

2007 Consulting Agreement by and between SoloHealth LLC and Plaintiff (the "Consulting Agreement").

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the express terms of the Consulting Agreement.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, waiver, acquiescence, and equitable estoppel.

### NINTH AFFIRMATIVE DEFENSE

Pursuant may rely upon all other appropriate defenses available to it that may be disclosed during the discovery process and allowed by Fed. R. Civ. P. 8.

This 3rd day of June, 2022.

### JURY DEMAND

Pursuant demands a jury trial in this case.

By: /s/ Steven Susser
Steven Susser
Mich. Bar No. P52940
CARLSON, GASKEY & OLDS, P.C.
400 W. Maple Road, Ste 350
Birmingham, MI 48009
Tel.: (248) 283-0734
ssusser@cgolaw.com

*Counsel for Defendant Pursuant Health, Inc.*

-21-

Joel D. Bush, II
*Pro Hac Vice* Application to be Filed
Bennett T. Richardson
*Pro Hac Vice* Application to be Filed
KILPATRICK STOCKTON LLP
1100 Peachtree Street N.E., Suite 2800
Atlanta, GA  30309-4530
Phone:  (404) 815-6500
Fax:     (404) 815-6555

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 3rd day of June, 2022.

By: /s/Steven Susser
Steven Susser
Mich. Bar No. P52940
CARLSON, GASKEY & OLDS, P.C.
400 W. Maple Road, Ste 350
Birmingham, MI 48009
Tel.: (248) 283-0734
ssusser@cgolaw.com

*Counsel for Defendant Pursuant Health, Inc.*