## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KEVIN T. LAVERY, M.D.,

      Plaintiff,

v.

PURSUANT HEALTH, INC.

      Defendant.

Case No. 2:22-cv-10613
Judge Bernard A. Friedman

### STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and upon the agreement of the parties in the above-captioned action (the "Litigation"), it is hereby ordered as follows:

1.    This Stipulated Protective Order (the "Order") shall govern production, disclosure, use and dissemination of certain documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") containing confidential and/or proprietary information (referred to as "Confidential Material") produced by the parties to the Litigation or a non-party (the "Parties," each a "Party," and the Party producing such information the "Producing Party").

2.     Any individual or entity not a party to this case may join in this Order by executing the attached Stipulation of Non-Party to Join Protective Order, and shall have the same rights and obligations under the Protective Order as the parties to this case.

3.     This Order shall be without prejudice to the right of any party or non-party to oppose production of any requested information.

4.     Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Order ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 9 of this Order is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material").

5.     The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner:

a.    In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential" to each page containing any Confidential Discovery Material or Highly Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

b.    In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 14 business days of receipt of the final transcript of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material. The Parties may modify this procedure for

any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

c.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material.

6.     The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and  that there is a good faith basis for such designation under the terms set forth in this Protective Order.

7.     Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim  and may be corrected.  A Producing Party may designate as Confidential or Highly Confidential any Discovery Material that has already been produced,  including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 5 .  Upon receiving such

supplemental notice, the Parties shall thereafter mark and treat the Discovery
Material so designated as Confidential Discovery Material or Highly Confidential
Discovery Material, and such Discovery Material shall be fully subject to this
Order from the date of such supplemental notice forward. The Party receiving
such notice shall make a reasonable, good faith effort to ensure that any analyses,
memoranda, notes, or other such materials generated based upon such newly
designated information are immediately treated as containing Confidential
Discovery Material or Highly Confidential Discovery Material. In addition, upon
receiving such supplemental written notice, any receiving Party that disclosed the
Discovery Material before its designation as "Confidential" or "Highly
Confidential" shall exercise its best efforts (i) to ensure the return or destruction of
such Discovery Material; (ii) to ensure that any documents or other materials
derived from such Discovery Material are treated as if the Discovery Material had
been designated as "Confidential" or "Highly Confidential" when originally
produced; (iii) to ensure that such Discovery Material is not further disclosed except
in accordance with the terms of this Order; and (iv) to ensure that any such
Discovery Material, and any information derived therefrom, is used solely for the
purposes described in Paragraph 14 of this Order.

8.    Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

a.    The Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Order;

b.    Counsel who represent Parties in this Litigation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Order;

c.    Subject to Paragraph 12, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside

copying services and outside support services) who are assisting with the Litigation;

d.    Subject to Paragraph 13, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

e.    Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

f.    The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

g.    Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

9.     Highly Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

     a.    Outside counsel who represent Parties in this Litigation, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Order;

     b.    Subject to Paragraph 12, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

     c.    Subject to Paragraph 13, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

     d.    Any person indicated on the face of a document or accompanying cover letter, email, or other communication to be

the author, addressee, or an actual or intended recipient of the

document, or, in the case of meeting minutes, an attendee of the

meeting;

e.     The Court, persons employed by the Court, and court reporters

transcribing any hearing, trial, or deposition in this Litigation

or any appeal therefrom; and

f.     Any other person only upon (i) order of the Court entered upon

notice to the Parties, or (ii) written stipulation of, or statement

on the record by, the Producing Party who provided the

Discovery Material being disclosed, and provided that such

person signs an undertaking in the form attached as Exhibit A

hereto.

10.     In addition to the foregoing, a Party receiving Confidential Discovery

Material may disclose such information to an indemnitor, insurer or other entity

other than a Party that may be financially responsible for paying a judgment or

settlement resulting from this Litigation ("Insurer") or an attorney representing such

Insurer, but only upon the fulfillment of the requirements of Paragraph 13 below

with respect to each such person who will receive the Confidential Discovery

Material. Confidential Discovery Material disclosed to an Insurer or its attorney

under this paragraph may be used by the Insurer for purposes of ascertaining the existence and scope of its financial obligations with respect to the Litigation.

11.   To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material or Highly Confidential Discovery Material may not be disclosed to such person under the terms of this Order.

12.   Notwithstanding Paragraphs 8-10 above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant (i) is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine, and (ii) is using said Discovery Material solely in connection with this Litigation; and further provided that such expert or consultant agrees to be bound by the terms of this Order by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential Discovery

Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party, or who is providing services to any of the foregoing, be provided access to Confidential Discovery Material or Highly Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, sell the same or similar products, and/or operate in the same markets, as well as any persons who are actually engaged in any of these activities.

13. Notwithstanding Paragraphs 8-10 above, Confidential Discovery Material or Highly Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Order by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Order. Counsel for the Party showing Confidential Discovery Material or Highly Confidential Discovery Material to any person required to execute an undertaking pursuant to

this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

14.     Except as otherwise expressly provided herein, Confidential Discovery Material or Highly Confidential Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

15.     Every person to whom Confidential Discovery Material or Highly Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Discovery Material or Highly Confidential Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Order and notify the non-Party that the protections of this Order are available to such non-Party.

16.     Consistent with Local Rule 5.3(b)(3), any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court that discloses, summarizes, describes, characterizes or otherwise communicates Confidential Discovery Material or Highly Confidential Discovery Material shall initially be deemed a "Confidential Filing," whether in whole or in part, and treated as if it contains "Confidential Information."

17.     This order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to have filed under seal any paper or other matter in this case must file and serve a motion that sets forth: (a) the authority for sealing; (b) an identification and description of each item proposed for sealing; (c) the reason that sealing each item is necessary; (d) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; and (e) a memorandum of legal authority supporting the seal. See E.D. Mich. LR 5.3; Shane Group, Inc. v. Blue Cross Blue Shield of Michigan, 825 F.3d 299 (6th Cir. 2016). With the exception of limited purpose filings allowed by Eastern District of Michigan Local Rule 5.3(b)(3)(A)(vi), no party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has granted the motion required by this section. Whenever a motion to seal is filed, the movant shall submit a brief that states the particular reason the seal is required. If a motion to seal

is granted, then the documents to be sealed may be separately electronically filed under seal.

18.     Any party, other than the Designating Party, that anticipates filing any material that has been designated as Confidential Information must provide reasonable notice to the Designating Party of the proposed filing, so that the Designating Party will have ample time, if it so desires, to file a motion for leave to file the material in question under seal. The parties then shall meet and confer in connection with any anticipated motion for an order authorizing the filing of Confidential Information under seal, in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. See E.D. Mich. LR 7.1(a). If an agreement is reached, then the parties may file a joint motion for leave to file under seal, in conformance with paragraph A and Eastern District of Michigan Local Rule 5.3. If an agreement is not reached, then the Designating Party may file a motion in compliance with paragraph A and Local Rule 5.3. If the motion is denied, then the party separately may file the material, but not under seal.

19.     During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential Discovery Material may, after making a good faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or

testimony in question shall be treated as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order. The provisions of this Order are not intended to shift the burden of proof on any Party seeking to establish that Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential Discovery Material, which burden remains on the Party that designates such Discovery Material as Confidential or Highly Confidential.

20.    Each Party reserves the right to seek an order from the Court providing additional safeguards or modifying the terms of this Order.

21.    Entering into this Order, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Order, shall not:

    a.    Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    b.    Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

c.      Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential Discovery Material should be subject to the terms of this Order;

d.      Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

e.      Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Order;

f.      Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

g.      Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

22.     This Order has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing

herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material or Highly Confidential Discovery Material obtained lawfully by such person independently of this Litigation, and not otherwise subject to confidentiality restrictions.

23.    If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity or ground.

>   a.    A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

>   b.    If a claim of inadvertent production is made pursuant to this Order, with respect to Discovery Material then in the custody

of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

c. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production

Material (or any portion thereof) that is the subject of such
motion.

24.    Nothing herein shall be deemed to waive any applicable common law
or statutory privilege or work product protection.

25.    In the event additional Parties join or are joined in this Litigation, they
shall not have access to Confidential Discovery Material or Highly Confidential
Discovery Material until the newly joined Party by its counsel has executed and
filed with the Court its agreement to be fully bound by this Order.

26.    The Parties agree to be bound by the terms of this Order pending the
entry by the Court of this Order, and any violation of its terms shall be subject
to the same sanctions and penalties as if this Order had been entered by the Court.

27.    Subject to the requirements of Federal Rules of Civil Procedure and the
Uniform Local Civil Rules and Orders of this Court ("Local Rules"), the provisions
of this Order shall, absent written permission of the Producing Party or further
order of the Court, continue to be binding throughout and after the conclusion of the
Litigation, including, without limitation, any appeals therefrom, except as provided
in Paragraph 27.

28.    In the event that any Confidential Discovery Material or Highly
Confidential Discovery Material is used in open court during any court
proceeding, the material shall lose its confidential status and become part of the

public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Before any court proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

29.    Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material or Highly Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, all persons having received Confidential Discovery Material or Highly Confidential Discovery Material shall either (i) make a good faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good faith and reasonable effort to destroy all such Confidential Discovery Material or Highly Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material), provided that such counsel, and  employees of

such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

30. If any person in possession of Confidential Discovery Material or Highly Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material or Highly Confidential Discovery Material produced or designated as "Confidential" or "Highly Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours before the deadline for a response to the Demand), identifying the Confidential Discovery Material or Highly Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material or Highly Confidential Discovery Material on the

grounds of the existence of this Order. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Discovery Material or Highly Confidential Discovery Material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material or Highly Confidential Discovery Material will not constitute a violation of this Order.

31.  No Receiver shall reveal any Confidential Discovery Material or Highly Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Order. In the event that Confidential Discovery Material or Highly Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party

of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential Discovery Material by each unauthorized person who receives the information.

32.    The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

33.    Except as otherwise provided herein, this Order may be modified, amended or suspended only upon motion and upon a showing of good cause.

SO ORDERED this 2nd day of September, 2022.

s/Bernard A. Friedman
Hon. Bernard A. Friedman
UNITED STATES DISTRICT JUDGE

Prepared and Consented to by:

/s/ Steven Susser
Steven Susser
Mich. Bar No. P52940
CARLSON, GASKEY & OLDS, P.C.
400 W. Maple Road, Ste 350
Birmingham, MI  48009
Tel.: (248) 283-0734
ssusser@cgolaw.com

Joel D. Bush, II ( *pro hac vice
forthcoming*)
Bennett T. Richardson (*pro hac vice
forthcoming*)
KILPATRICK TOWNSEND
   & STOCKTON LLP
1100 Peachtree St. NE, Suite 2800
Atlanta, GA 30309
Tel.: (404) 815-6500
jbush@kilpatricktownsend.com
btrichardson@kilpatricktownsend.com

*Counsel for Defendant Pursuant
Health, Inc.*

/s/ Bruce A. Inosencio, Jr.
Bruce A. Inosencio, Jr.
Mich. Bar No. P-54705
INOSENCIO & FISK PLLC
740 West Michigan Avenue
Jackson, Michigan 49201-1909
Tel.: (517) 796-1444
bruce@inosencio.com

*Counsel for Plaintiff Kevin D. Lavery, M.D.*

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN T. LAVERY, M.D.,

      Plaintiff,

v.                                                     Case No. 2:22-cv-10613
                                                       Judge Bernard A. Friedman

PURSUANT HEALTH, INC.

      Defendant.

**ACKNOWLEDGMENT OF UNDERSTANDING**
**AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he or she has read the Protective

Order dated September __, 2022 in the above captioned action, understands the

terms thereof, and agrees to be bound by such terms. The undersigned understands

that the terms of said Order obligate him/her to use discovery materials designated

CONFIDENTIAL or HIGHLY CONFIDENTIAL solely for the purposes of the

above-captioned action, and not to disclose any such CONFIDENTIAL or HIGHLY

CONFIDENTIAL documents or information to any other person, firm or concern.

The undersigned acknowledges that violation of the Stipulated Protective

Order may result in penalties for contempt of court.

By: _____

Date:  _____, 20_____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN T. LAVERY, M.D.,

     Plaintiff,

v.                             Case No. 2:22-cv-10613-BAF-KGA

PURSUANT HEALTH, INC.

     Defendant.

## STIPULATION OF NON-PARTY TO JOIN PROTECTIVE ORDER

The undersigned having consented hereto, it is hereby stipulated that Non-Party _____ joins in the Consent Protective Order having all rights and obligations under the Protective Order as any party to this case.

Dated: _____, 202\_\_.


_____

Name: _____

Title: _____