# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN T. LAVERY, M.D.,

      Plaintiff,

v.

PURSUANT HEALTH, INC.

      Defendant.

Case No. 2:22-cv-10613-BAF-KGA

## PURSUANT HEALTH, INC.'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Joel D. Bush, II
E.D. Mich. No. 5707205
Bennett T. Richardson
E.D. Mich. No. 5998335
KILPATRICK TOWNSEND &
STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
jbush@kilpatricktownsend.com
btrichardson@kilpatricktownsend.com

Steven Susser
Mich. Bar No. P52940
CARLSON, GASKEY & OLDS, P.C.
400 W. Maple Road, Ste 350
Birmingham, MI 48009
Tel.: (248) 283-0734
ssusser@cgolaw.com

*Counsel for Defendant Pursuant Health, Inc.*

**INTRODUCTION**

Pursuant has demonstrated that Lavery contributed nothing but his Patent in exchange for the 1% royalty. Under binding Supreme Court precedent, this royalty cannot continue after the Patent's expiration unless, at a minimum, Lavery contributed trade secrets along with his Patent. In his response brief, Lavery fails to identify a single factual dispute in Pursuant's argument to avoid summary judgment.

Lavery argues that his declaratory judgment claim (Count I) and breach of contract claim (Count II)[1] survive summary judgment because the text of the Contribution Agreement along with Lavery's intent at the time of drafting together provide for a perpetual royalty. But this argument ignores that *Kimble v. Marvel Entertainment*, 576 U.S. 446 (2015) precludes any perpetual patent royalty after the patent expires regardless of the parties' intent.

Lavery also argues that his claims fall within an exception to *Kimble* because he contends that the royalty compensated him for alleged "trade secrets" or other unpatented IP conveyed along with the Patent. However, Lavery has admitted that he conveyed only the Patent at the closing of the Contribution Agreement. Lavery also admitted the absence of any efforts to maintain the secrecy of any purported

---

[1] Lavery concedes that summary judgment is appropriate as to his unjust enrichment claim (Count III).

"trade secrets." Lavery's admissions are dispositive because his response does not address these admissions.

## ARGUMENT

**I.** **Under a straightforward application of *Kimble*, a perpetual royalty for the Patent is unenforceable even if Lavery intended for the Contribution Agreement to bestow a perpetual royalty.**

Several pages of Lavery's brief describe the negotiation history that led to the Contribution Agreement between Lavery and Pursuant (when it operated as SoloHealth). He argues that based on this history "the royalty was negotiated to be perpetual." Doc. 31 at 31. This argument reflects a misunderstanding of *Kimble*.

In *Kimble*, "the parties set no end date for royalties, apparently contemplating that they would continue" indefinitely. *Kimble*, 576 U.S. at 450. The fact that the parties intended for the patent royalties to continue permanently did not impact the Court's decision to reaffirm *Brulotte v. Thys Co.*, 379 U.S. 29 (1964) and hold that "a patent holder cannot charge royalties for the use of his invention after its patent term expired." *Id.* at 449. Similarly, here, the use of the word "perpetual" (in a single instance) in the Contribution Agreement, and any intent by Lavery for the royalty to be perpetual, does not change the rule that a perpetual royalty for an expired patent is unenforceable under *Kimble* and *Brulotte*. *See Zila, Inc. v. Tinnell*, 502 F.3d 1014, 1019 (9th Cir. 2007) ("The [*Brulotte*] doctrine appears straightforward enough, but its application runs counter to the usual task in a contract case to interpret the terms

agreed to by the parties."); *Kimble v. Marvel Enters., Inc.,* 692 F. Supp. 2d 1156, 1167 (D. Ariz. 2010) ("*Brulotte* may override the parties' intent regarding the length of a royalty provision.").

## II.     Lavery fails to show that an exception to *Kimble* applies to his claims.

Lavery also argues that as part of the Contribution Agreement he conveyed additional intellectual property besides the Patent in exchange for the royalty, so his claims fall within an exception to *Kimble.* Lavery, however, admits that he conveyed only the Patent at the closing of the Contribution Agreement. Moreover, Lavery does not contest that as a matter of law he did not transfer "trade secrets" to Pursuant under the Contribution Agreement because he engaged in no efforts to keep any potential "trade secrets" confidential. Accordingly, summary judgment is appropriate.

### A.     Lavery provides no evidence that he conveyed any intellectual property rights beyond the Patent in the Contribution Agreement.

Lavery contends that under the Contribution Agreement Pursuant still owes him royalties as compensation for the intellectual property he purportedly conveyed in addition to his Patent. For this argument to withstand summary judgment, Lavery "must set forth through competent and material evidence specific facts showing that there is a genuine issue for trial" concerning whether Lavery provided Pursuant with additional intellectual property. *Mille v. Lorain Cnty. Bd. of Elections*, 141 F.3d 252, 256 (6th Cir. 1998). Lavery fails to meet this burden in his response brief.

As an initial matter, Lavery does not dispute that he *admitted* to conveying nothing other than the Patent at the closing of the Contribution Agreement. Ex. 1, Deposition of Kevin Lavery ("Lavery Dep.") at 71:19–22, 72:20–74:10, 85:12–17, 99:15–23. This admission conclusively resolves any issue concerning what Lavery conveyed to Pursuant under the Contribution Agreement.

As explained in Pursuant's opening brief, any ideas that Lavery provided to SoloHealth after conveying the Patent were covered by the Consulting Agreement, which was separate from the Contribution Agreement and outlined Lavery's role in the company after assigning the Patent. Doc. 30-12 §§ 1, 3. As part of the Consulting Agreement, Lavery assigned to SoloHealth any idea that he developed while acting as a consultant. *Id.* §§ 7–9. This Consulting Agreement was intended to cover *inter alia* any "strategic guidance and consultation" that Lavery provided to SoloHealth. Ex. 2, Deposition of Bart Foster ("Foster Dep.") at 80:9–12. Lavery's own testimony is consistent: he provided ideas to help develop a business model *after* the closing of the Contribution Agreement. Ex. 1, Lavery Dep. at 73:5–17; Ex. 2, Foster Dep. at 98:9–15.

Lavery relies on Bart Foster's testimony that Lavery "had tons of ideas" to support his argument that he provided other intellectual property in addition to the Patent. Doc. 31 at 14 (citing Ex. 2, Foster Dep. at 149:22). However, Foster's testimony about Lavery's "ideas" was in the context of "the kiosk rolling out," Ex.

2, Foster Dep. at 149:15-19, which did not occur until Q1 2008 (*after* execution of the Contribution Agreement), *id.* at 114:6-21, and Foster was wholly unable to identify any ideas provided by Lavery "*before* the execution of the contribution agreement." *Id.* at 159:15–17 (emphasis added). Foster further explained that the only intellectual property he intended for SoloHealth to gain from the Contribution Agreement was the Patent. *Id.* at 80:13–16, 90:15–19, 96:12–15. In short, other than Foster's testimony about Lavery's "ideas" in connection with "the kiosk rolling out" in 2008 (and later), Lavery's response points to no other record evidence for any non-patented intellectual property allegedly conveyed to Pursuant. Foster's testimony about Lavery's 2008 "ideas" in connection with "the kiosk rolling out" confirms that Lavery provided "ideas" under the Consulting Agreement, and this testimony thus does not preclude summary judgment.

Lavery next contends that he "disclosed in connection with the Letter of Intent" undefined "know how" about how to "implement the Patent to take advantage of … opportunities." Doc. 31 at 27. Again, Lavery cites nothing from the record to support his assertion. "A blanket assertion that the record supports a cause of action, without any citation to that record, cannot create an issue of material fact sufficient to defeat a motion for summary judgment." *Campbell v. Erie Tp.*, 133 F. Supp. 2d 953, 958 (E.D. Mich. 2001).

Moreover, Lavery's latest argument about "know how" for "opportunities" is unsupported by the record evidence. Foster filed his own patent application in 2004 on his vision acuity kiosk concept, Ex. 2, Foster Dep. at 23:17-24:7 and developed a lengthy business plan that same year, *id.* at 26:4-28:5, long before he first met Lavery in 2007. Ex. 1, Lavery Dep. at 62:16-63:19. As Foster testified, Lavery's retinal camera idea was not in "the opportunity set" that Foster was pursuing when he executed the Letter of Intent with Lavery. Ex. 2, Foster Dep. at 78:11-25.

## B. Lavery does not dispute that he failed to provide reasonable confidentiality safeguards to protect any purported trade secrets.

Even if Lavery had conveyed something besides the Patent (and he did not), the royalties would still have expired with the Patent because Lavery made no effort to keep any purported "trade secrets" confidential. "To be a trade secret, the information must, of necessity, be a secret: specifically, there must be evidence presented that sufficient measures have been taken to guard the secrecy of the information and preserve its confidentiality." *Kubik, Inc. v. Hull,* 224 N.W.2d 80, 87 (Mich. Ct. App. 1974).

In its opening brief, Pursuant explained how Lavery failed to enter into confidentiality agreements covering any alleged "trade secrets," destroyed any trade secret protections by disclosing the information in the Patent application, and disclosed his "trade secrets" to a third party (before he met SoloHealth) without any duty of confidentiality. Doc. 30 at 24–28. Lavery does not at all address – much less

dispute – this "lack of confidentiality" evidence. Accordingly, because the uncontradicted evidence shows a complete lack of confidentiality safeguards, Lavery could not have transferred "trade secrets" to SoloHealth as a matter of law. *See Niemi v. Am. Axle Mfg. & Holding, Inc.*, 269155, 2007 WL 29383, at *2 (Mich. Ct. App. Jan 4, 2007) (affirming summary judgment where trade secret plaintiff "did not enter into written confidentiality agreements [] or label the documents confidential").

## CONCLUSION

For the foregoing reasons, Pursuant asks that the Court enter summary judgment in favor of Pursuant on all three counts of the Complaint.

Respectfully submitted, this 28th day of April, 2023.

/s/ Joel D. Bush, II
Joel D. Bush, II
E.D. Mich. No. 5707205
Bennett T. Richardson
E.D. Mich. No. 5998335
KILPATRICK TOWNSEND & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Steven Susser
Mich. Bar No. P52940
CARLSON, GASKEY & OLDS, P.C.
400 W. Maple Road, Ste 350
Birmingham, MI 48009
Tel.: (248) 283-0734
ssusser@cgolaw.com

*Counsel for Defendant Pursuant Health, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to all counsel of record.

This 28th day of April, 2023.

/s/ Joel D. Bush, II
Joel D. Bush, II
E.D. Mich. No. 5707205

*Counsel for Defendant Pursuant Health, Inc.*