IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KEVIN T. LAVERY, M.D.,

        Plaintiff,

v.

PURSUANT HEALTH, INC.,

        Defendant.

Case No. 22-CV-10613

Hon. Bernard A. Friedman

---

Bruce A. Inosencio, Jr., P54705
Kristina M. Fisk, P64634
Inosencio & Fisk, PLLC
Attorneys for Plaintiff
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: (517) 796-1444
Email: bruce@inosencio.com
      kfisk@inosencio.com

Steven Susser, P52940
Carlson, Gaskey & Olds, P.C.
Attorneys for Defendant
400 West Maple Road, Ste. 350
Birmingham, Michigan 48009
Telephone: (248) 283-0734
Email: ssusser@cgolaw.com

Joel D. Bush II
Bennett T. Richardson
*Pro Hac Vice* Application Pending
Kilpatrick, Townsend & Stockton, LLP
Attorneys for Defendant
1100 Peachtree Street, N.E., Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Email: jbush@kilpatricktownsend.com
btrichardson@kilpatricktownsend.com

---

**PLAINTIFF'S MOTION, WITH INCORPORATED BRIEF,
TO SEAL EXCERPTS OF
DEPOSITION TRANSCRIPT OF KEVIN T. LAVERY, M.D.**

NOW COMES the Plaintiff, Kevin T. Lavery, M.D., ("Lavery") and for *Plaintiff's Motion to Seal Deposition Transcript of Kevin T. Lavery, M.D.,* states as follows:

I.  **INTRODUCTION**

Pursuant Health, Inc. ("Pursuant") recently filed a Motion for Rule 11 Sanctions and Incorporated Brief (ECF No. 34) ("the Motion"). In the Motion, Pursuant alleges *inter alia* that Plaintiff, Kevin T. Lavery, M.D. ("Lavery") "has attacked Pursuant with claims that cannot succeed." ECF No. 34, PageID.847. In support of its stance, Pursuant further contends "the facts and well-established law show that this intellectual property does not exist." Id. Pursuant also argues "the ideas Lavery now claims as 'trade secrets' were either published in the patent or disclosed to a third party without a duty of confidentiality." ECF No. 34, PageID.849.

II.  **IN LIGHT OF THE ECONOMIC ADVANTAGE PURSUANT HAS OVER ITS COMPETITORS WITH RESPECT TO THE CONFIDENTIAL INFORMATION AND TRADE SECRETS DISCUSSED DURING LAVERY'S DEPOSITION, LAVERY'S DEPOSITION TRANSCRIPT INCLUDES REFERENCES TO BOTH CONFIDENTIAL INFORMATION AND TRADE SECRETS WHICH PURSUANT LIKELY DOES NOT WANT DISCLOSED TO THE GENERAL PUBLIC.**

In an effort to adequately respond to the Motion and establish that Plaintiff's counsel made an objectively reasonable inquiry into the factual and legal assertions represented to the Court (*See* Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendment)), Plaintiff's counsel must substantiate the basis for Plaintiff's claims of confidentiality and the trade secrets provided to Pursuant.

On January 31, 2023, Pursuant's counsel deposed Lavery and, during the deposition, Lavery was asked multiple questions regarding his claims of confidentiality and the basis for his claims relative to trade secrets. Throughout the deposition, Lavery provided examples of information provided to SoloHealth, after agreeing to a confidentiality provision in the document marked as Exhibit 8 to his deposition, which he classified as a trade secret, confidential, or both. The document marked as Exhibit 8 to his deposition was previously attached an exhibit to Pursuant's Motion for Summary Judgment (ECF No. 30). Although the Motion contends "[a] cursory investigation would have shown that the operative contract lacks confidentiality provisions" (ECF No. 34, PageID.847), Lavery disagrees with this assertion and points to the confidentiality provision which allowed him to disclose his intellectual property (confidential information and trade secrets) in connection with the transfer of his patent. The document which provides for confidentiality was previously filed by Pursuant as Exhibit 6 (ECF No. 30-7) to its Motion for Summary Judgment (ECF No. 30).

In ECF No. 30-7, at Paragraph 10, Lavery and Pursuant's predecessor in interest (Bart Foster, initial member of SoloHealth) agreed to maintain the confidentiality of the Trade Secrets and Confidential Information as defined therein:

> **10.    Confidentiality, Publicity, and Non-Disclosure.**
> In connection with this Letter of Intent and negotiating the Definitive Agreements either party may disclose ("Disclosing Party") to the other party ("Recipient") certain Trade Secrets and Confidential Information (defined below). Recipient acknowledges and agrees that the Trade Secrets and Confidential Information are the sole exclusive property of Disclosing Party (or a third party providing such information to Disclosing Party) and that Disclosing Party or such third party owns all world-wide rights therein under patent, copyright, trade secret, confidential information or other property right. Recipient acknowledges and agrees that the disclosure of the Trade Secrets and Confidential Information does not confer upon Recipient any licenses, interests or rights of any kind in or to the

3

Trade Secrets or Confidential Information. Recipient may use the Trade Secrets and Confidential Information only as permitted hereunder. Recipient will hold in confidence and not reproduce, distribute, transmit, reverse engineer, decompile, disassemble or transfer, directly or indirectly, in any form, by any means, or for any purpose the Trade Secrets or the Confidential Information or any portion thereof. Recipient agrees to return to Disclosing Party upon request by Disclosing Party the Trade Secrets and Confidential Information and all material relating thereto. The obligations set forth herein with respect to Trade Secrets shall remain for as long as such information remains a trade secret under applicable law. For all other Confidential Information, the obligations set forth in this Paragraph shall continue for the duration of the parties [sic] relationship, and for three (3) years thereafter. For purposes of this Letter of Intent, "Confidential Information" means any information of either party, its affiliates, buyers or customers in any form of media that is of value to its owner and is treated by its owner as confidential. "Trade Secrets" mean all information that can be deemed a trade secret under applicable law. In addition, each party agrees that it will not, without the prior consent of the other party, disclose publicly, or to any third party, the terms and conditions of this Letter of Intent or the subsequent negotiations between you and the Company, except to the extent required by law, or as may be required to execute the Definitive Agreements.

In light of these confidentiality and non-disclosure restrictions, Lavery and his counsel are reluctant to proceed with disclosure of the trade secrets and confidential information — without filing same under seal — that will be necessary to adequately respond to the Motion.

    **III.   LAVERY'S RELIANCE ON LR 5.3 — CIVIL MATERIAL FILED UNDER SEAL — IS REQUIRED TO MAINTAIN THE CONFIDENTIALITY AND NON-DISCLOSURE NECESSITATED BY THE PARTIES' AGREEMENT AS IT RELATES TO THE RELEVANT INTELLECTUAL PROPERTY.**

LR 5.3(b)(1) and (2) provide as follows:

(1) Except as allowed by statute or rule, documents (including settlement agreements) or other items may not be sealed except by court order. A party or other person may not

file or tender to the clerk an item proposed for sealing under this subrule unless the Court enters an order permitting sealing.

(2) A party or other person seeking to file a document under seal in a civil case under this section must file and serve a motion to authorize sealing that is narrowly tailored to seek sealing in accord with applicable law.

The instant Motion is filed by Lavery in an effort to seek authorization of sealing — by means of limited redaction which involves the redaction of only those portions of Lavery's deposition transcript which might arguably fall within the purview of the Confidential Information and Trade Secrets referred to in the confidentiality restrictions set forth above in Paragraph 10 of the parties' agreement.

**IV. LR 5.3(b)(3) SETS FORTH THE PROCEDURAL REQUIREMENTS FOR THE FILING OF SEALED ITEMS NOT AUTHORIZED BY STATUTE OR RULE — CIVIL MATERIAL FILED UNDER SEAL — TO MAINTAIN THE CONFIDENTIALITY AND NON-DISCLOSURE NECESSITATED BY THE PARTIES' AGREEMENT AS IT RELATES TO THE RELEVANT INTELLECTUAL PROPERTY.**

Pursuant to LR 5.3(b)(3)(A)(i), a motion to file under seal must contain an index of documents which are proposed for sealing (the Index of Documents for the instant motion immediately follows this motion and its incorporated brief) and, as to each document, whether any party objects. As noted in the Index of Documents, and as set forth by Pursuant's counsel in attached Exhibit 2, Pursuant objects to the relief sought herein.

Pursuant to LR 5.3(b)(3)(A)(ii), a motion to file under seal must also contain a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record. Lavery

is unaware of the impact of any privacy interests of any non-party or any third party, but suggests that Pursuant may be negatively impacted if the confidential information Lavery seeks to file under seal is publicly disclosed to Pursuant's competitors.

Pursuant to LR 5.3(b)(3)(A)(iii), a motion to file under seal must explain whether the proposed sealed material was designated as "confidential" under a protective order and by whom. On September 2, 2022, the parties entered into a Stipulated Protective Order (ECF No. 15) which states, in pertinent part, as follows:

> Pursuant to Rule 26 of the Federal Rules of Civil Procedure, and upon the agreement of the parties in the above-captioned action (the "Litigation"), it is hereby ordered as follows:
>
> 1. This Stipulated Protective Order (the "Order") shall govern production, disclosure, use and dissemination of certain documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") containing confidential and/or proprietary information (referred to as "Confidential Material") produced by the parties to the Litigation or a non-party (the "Parties, each a "Party," and the Party producing such information the "Producing Party"). (ECF No. 15, PageID.150)….
>
> 4. Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Order if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary or commercially sensitive information that requires the protections provided in this Order ("Confidential Discovery Material"). Any Producing Party may designate any Discovery Material as "Highly Confidential" under the terms of this Order if such party in good faith reasonably believes that disclosure of the Discovery Material other than as permitted pursuant to Paragraph 9 of this Order is substantially likely to cause injury to the Producing Party ("Highly Confidential Discovery Material"). (ECF No. 15, PageID.151)….
>
> 5. The designation of Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall be made in the following manner: …

      b. In the case of depositions or other pre-trial testimony: … or (ii) by written notice, sent to all Parties within 14 business days of receipt of the final transcript of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court…. (ECF No. 15, PageID.152-153)….

     7. Inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential or Highly Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 5…. (ECF No. 15, PageID.153-154).

Although Lavery's deposition transcript was not originally designated as Confidential or Highly Confidential, Lavery contends it is appropriate to do so at this time and, as agreed by the parties in Section 7 of the Stipulated Protective Order, "the inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected."

Pursuant to LR 5.3(b)(3)(A)(iv), a motion to file under seal must contain, for each proposed sealed exhibit or document, a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority. On March

24, 2021, Lawyers for Civil Justice[1] submitted its Comment[2] ("the Comment") to the Advisory Committee on Civil Rules ("Committee") in response to Suggestion 20-CV-T2, which asked the Committee to adopt a new Federal Rule of Civil Procedure ("FRCP") governing the sealing and unsealing of court records in civil cases. Although the crux of the Comment was that the new proposed Rule was unnecessary — "Suggestion 20-CV-T is not only unneeded, but also unworkable" (Comment, p. 2) — its authors noted that a litigant "does not in fact surrender (or 'forfeit') the confidentiality of its information by seeking judicial review." *Metlife, Inc. v. Fin. Stability Oversight Council,* 865 F.3d 661, 671 (D.C. Cir. 2017).

With respect to the protection of intellectual property interests, the authors of the Comment also noted there are times when the disclosure of confidential information may harm the economic interests of litigants. "Despite the high bar for confidentiality, there are important areas in which privacy interests clearly outweigh public access, including where judicial records may be used 'as sources of business information that might harm a litigant's [or third party's] competitive standing." Comment, p. 5, citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978). Further, the Comment also specifically addressed the need to protect the disclosure of trade secrets and confidential business information, stating "[c]ourts appropriately use their discretion to deny access to trade secrets and confidential business information in a variety of circumstances…." Comment, p. 5, citing *In re Hewlett-Packard Co. S'holder*

---

[1] According to the Comment, Lawyers for Civil Justice ("LCJ") is a national coalition of corporations, law firms, and defense trial lawyer organizations that promotes excellence and fairness in the civil justice system to secure the just, speedy, and inexpensive determination of civil cases.

[2] http://www.lfcj.com/uploads/1/1/2/0/112061707/lcj_comment_on_sealing_of_court_records_march_24_2021.pdf, accessed June 9, 2023

*Derivative Litig.*, 716 F. App'x 603, 609 (9th Cir. 2017) (upholding sealing order where documents at issue included trade secrets, privileged attorney-client communications and work product information, and confidential whistleblower information), *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (district court in patent infringement case abused its discretion in refusing to seal confidential business information); *In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008) (trial court committed clear error in refusing to issue a sealing order protecting a litigant's confidential and commercially sensitive information used as trial exhibit in licensing dispute); *Crane Helicopter Servs., Inc. v. United States*, 56 Fed. Cl. 313, 327 (2003) (trade secrets of nonparty helicopter manufacturer would remain sealed after trial where release of the information might significantly damage manufacturers' competitive advantage).

The decisions referenced in the Comment suggest that this Court should permit the narrowly tailored sealing of excerpts of a deposition transcript which arguably include trade secrets or commercially sensitive confidential information. From a review of the redacted version of the document to be sealed, a copy of which is attached as Exhibit 1 and filed pursuant to LR 5.3(b)(3)(A)(v), in comparison with the unredacted version of Exhibit 1, which is being filed as a sealed exhibit pursuant to LR 5.3(b)(3)(A)(vi) for the limited purpose of resolving the motion to seal without a prior court order, the Court will note that the redactions are limited to information which references trade secrets or commercially sensitive confidential information. As such, the request to seal satisfies controlling legal authority and this Motion should be granted.

## V. CONCLUSION

For the foregoing reasons, Lavery requests that the Court grant Lavery's *Motion* in its entirety.

Respectfully submitted, this 9th day of June, 2023.

Inosencio & Fisk, PLLC

/s/ Bruce A. Inosencio, Jr.
By: Bruce A. Inosencio, Jr., P54705
Attorney for Kevin T. Lavery, M.D.
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: (517) 796-1444
Email: bruce@inosencio.com

## INDEX OF DOCUMENTS
## PROPOSED FOR FILING UNDER SEAL PURSUANT TO LR 5.3

1. **Exhibit 1 — Excerpts of the deposition transcript of Plaintiff, Kevin T. Lavery, M.D.**

Notwithstanding the confidentiality restrictions set forth in Paragraph 10 of the agreement Lavery entered into with Pursuant's predecessor in interest before disclosure of the intellectual property at issue, Pursuant objects to the sealing of Exhibit 1 for the reasons set forth by Pursuant's counsel in Exhibit 2.

**CERTIFICATE OF SERVICE**

On June 9, 2023, a copy of this document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                Inosencio & Fisk, PLLC

Dated: June 9, 2023                          /s/ Bruce A. Inosencio, Jr., P54705
                                                Attorney for Kevin T. Lavery, M.D.