IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN T. LAVERY, M.D.,                    Case No. 22-CV-10613

         Plaintiff,                        Hon. Bernard A. Friedman

v.

PURSUANT HEALTH, INC.,

         Defendant.

| | |
|---|---|
| Bruce A. Inosencio, Jr., P54705<br>Kristina M. Fisk, P64634<br>Inosencio & Fisk, PLLC<br>Attorneys for Plaintiff<br>740 West Michigan Avenue<br>Jackson, Michigan 49201<br>Telephone: (517) 796-1444<br>Email: bruce@inosencio.com<br>        kfisk@inosencio.com | Steven Susser, P52940<br>Carlson, Gaskey & Olds, P.C.<br>Attorneys for Defendant<br>400 West Maple Road, Ste. 350<br>Birmingham, Michigan 48009<br>Telephone: (248) 283-0734<br>Email: ssusser@cgolaw.com<br><br>Joel D. Bush II, E.D. Mich. No. 5707205<br>Bennett T. Richardson<br>Kilpatrick, Townsend & Stockton, LLP<br>Attorneys for Defendant<br>1100 Peachtree Street, N.E., Suite 2800<br>Atlanta, Georgia 30309<br>Telephone: (404) 815-6500<br>Email: jbush@kilpatricktownsend.com<br>        btrichardson@kilpatricktownsend.com |

**ANSWER TO PURSUANT HEALTH, INC.'S
MOTION FOR RULE 11 SANCTIONS
AND INCORPORATED BRIEF**

NOW COMES counsel for the Plaintiff, Kevin T. Lavery, M.D., ("Lavery"), and for its

Answer to Pursuant Health, Inc.'s Motion for Rule 11 Sanctions, states as follows:

## I. INTRODUCTION

In its Motion, Pursuant Health, Inc. ("Pursuant") seeks sanctions against Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 11. In support of its Motion, Pursuant claims counsel for Plaintiff Kevin T. Lavery, M.D, ("Lavery"), has "attacked Pursuant with claims that cannot succeed." ECF No. 34, PageID.847. Specifically, Pursuant asserts that "Lavery's claims center on alleged 'trade secrets' he conveyed to Pursuant, but the facts and well-established law established show that this intellectual property does not exist." *Id.*

In response, Lavery reminds this Court that Lavery's claims are not limited to a conveyance of merely "trade secrets" in connection with the transfer of the patent at issue. Rather, at the time Lavery conveyed U.S. Patent No. 6,594,607 ("the Patent"), he also conveyed "all proprietary information, trade secrets, and other intellectual property rights held by Lavery and attendant to the Patent." (See Exhibit B (ECF No. 1-5, PageID.59) to the relevant Contribution Agreement (ECF No. 1-5)).

Pertinent excerpts of Lavery's deposition transcript are attached as redacted Exhibit 1 (ECF No. 36-1) to Plaintiff's Motion to Seal (ECF No. 36), and an unredacted version has been filed as a sealed exhibit, pursuant to LR 5.3, as ECF No. 37. Although Pursuant claims (1) a cursory investigation would have shown that the operative contract lacks confidentiality provisions, (2) Lavery publicly disclosed his alleged 'trade secrets', and (3) Lavery did not convey any of his claimed 'trade secrets' to Pursuant under the relevant contract, Pursuant ignores key facts and is cherry-picking deposition testimony without giving the Court a complete picture of the factual and legal basis for Lavery's claims.

2

## II. LAVERY CONVEYED TRADE SECRETS AND CONFIDENTIAL INFORMATION.

Pursuant would seemingly have this Court believe (1) that Lavery did not transfer any trade secrets, and (2) Lavery only contends trade secrets were conveyed. Under this line of reasoning, therefore, Pursuant contends that nothing was conveyed by Lavery in connection with the Patent. However, this approach misconstrues the Letter of Intent, the Contribution Agreement, and the actual text of Exhibit B to the Contribution Agreement. A clear reading of Exhibit B (ECF No. 1-5, PageID.59) establishes that Lavery did not only convey trade secrets; rather, he conveyed "all proprietary information, trade secrets, and other intellectual property rights held by Lavery and attendant to the Patent." Accordingly, regardless of whether the parties to the Contribution Agreement (ECF No. 1-5) sufficiently delineated the scope of the intellectual property conveyed in Exhibit B, the Complaint was intentionally drafted to mirror the language of Exhibit B (ECF No. 1-5, PageID.59). In addition, the Contribution Agreement is one of the Definitive Agreements arising from the Letter of Intent (ECF No. 30-7) which Lavery entered into with Pursuant's predecessor in interest.

From a review of the fully-executed Letter of Intent, the Court will note that it includes a provision which restricted the disclosure of Trade Secrets and Confidential Information (see paragraph 10, ECF No. 30-7, PageID.504) and it also includes an exclusivity provision (see paragraph 11, Id.) restricting discussions with other third parties relative to intellectual property rights. Even though (a) the Confidentiality, Publicity, and Non-Disclosure provision in paragraph 10 still remains effective today, (b) the Exclusivity provision in paragraph 11 specifically

restricted discussions with third parties regarding the intellectual property, and (c) Lavery testified at length in his deposition regarding his intellectual property conveyed in conjunction with the Letter of Intent and the Contribution Agreement, Pursuant still argues (1) "the operative contract lacks confidentiality provisions" (ECF No. 34, PageID.847), and (2) "Lavery … has admitted to the absence of *any* reasonable efforts to maintain the secrecy of any purported 'trade secrets.' Without proof of this essential confidentiality element, there can be no legally protectible 'trade secrets' as a matter of law. MCL § 445.1902(d)."

Lavery and his counsel agree that there can be no legally protectible trade secrets as a matter of law without proof of this essential confidentiality element. That argument, however, does not apply to the facts and circumstances of this case because **the parties agreed to the confidentiality and exclusivity elements of the trade secrets and confidential information — in paragraphs 10 and 11 of the Letter of Intent — before they signed the Contribution Agreement.** And, even though the Contribution Agreement (ECF No. 1-5) does not include a detailed description of the trade secrets and confidential information, the Letter of Intent — at paragraphs 10 and 11 — specifically addresses their confidential nature. (ECF No. 30-7, PageID.504).

In connection with the transfer of the Patent pursuant to the Contribution Agreement, Lavery also conveyed the related intellectual property. From a review of Section 1.1.(a) of the Contribution Agreement (ECF No. 1-5, PageID.47), the Court will note the parties agreed as follows: "(a) [b]y execution and delivery of this Agreement by the Company and Lavery, all assets listed, described or referenced on Exhibit B hereto (the "Intellectual Property") shall be contributed in full to the Company…." There is no question the parties agreed the intellectual

property conveyed in connection with the Patent did not have to be specifically delineated to be conveyed — it merely needed to be listed, described, or referenced and, at the very least, it was referenced.

### III. LAVERY'S DEPOSITION TESTIMONY SUBSTANTIATES COUNSEL'S OBJECTIVELY REASONABLE INQUIRY AND CONFIRMS LAVERY CONVEYED MORE THAN TRADE SECRETS.

Pursuant argues "Lavery freely admitted … facts at his deposition — any one of which, alone, would defeat his claims." (ECF. No. 34, PageID.848). Pursuant also argues "Lavery has provided little more than statements of industry-specific jargon and, most importantly, has admitted to the absence of *any* reasonable efforts to maintain the secrecy of any purported 'trade secrets'." (ECF No. 34, PageID.848-849).

At his deposition, Lavery provided clear details of the confidential information and trade secrets he provided, after execution of the Letter of Intent, yet Pursuant wants to ignore those details and claims. Pursuant also contends Lavery did not convey his intellectual property "at the closing" and Lavery's counsel did not engage in an objectively reasonable inquiry before filing the Complaint in this matter. Pursuant is ignoring the impact of the Letter of Intent, however, which included the necessary confidentiality provisions and prompted Lavery to start providing trade secrets and confidential information in connection with the conveyance of the Patent.

The Court, after a review of the following excerpts of Lavery's deposition, (ECF No. 36-1 and ECF No. 37), will note that Lavery testified under oath that he provided a multitude of ideas that were intended to make the kiosk come to a life — and none of these ideas were considered by Bart Foster, who was merely interested in a vision screening kiosk: 25:14-17,

26:10-13, 31:21 - 36:11, 53:7-19, 59:18 - 60:2, 60:8 - 62:15, 71:11-25, 76:17 - 78:10, 80:8 - 81:14, 82:10 - 84:8, 91:3-12, 101:23-102:5, 102:19 -   104:1, 104:23 - 106:7, 107:16 - 125:9, 126:25 - 130:18, 154:14 - 155:16, and 156:9-17.

### IV. THE LETTER OF INTENT PROVIDES THE CONFIDENTIALITY PROVISIONS NECESSARY TO ESTABLISH THE LEGALLY PROTECTIBLE NATURE OF TRADE SECRETS REQUIRED BY MCL § 445.1902(d).

Pursuant also argues "[a] quick review of the Contribution Agreement reveals the lack of confidentiality provisions." (ECF No. 34, PageID.849).  While the Contribution Agreement may be not include specific confidentiality provisions, a thorough review of the Letter of Intent establishes that **confidentiality provisions were not needed in the Contribution Agreement because the parties already agreed to the necessary confidentiality provisions in the Letter of Intent.**  Importantly, although most of the Letter of Intent was not binding on the parties, Paragraphs 8 through 10 — including the Confidentiality, Publicity, and Non-Disclosure provision — were binding on the parties at the time of the execution of the Contribution Agreement, as agreed upon in the second introductory paragraph: "This document is intended solely as a "Letter of Intent" and does not constitute (i) a binding agreement to enter into Definitive Agreements or to complete the transactions described herein, or (ii) a legal obligation of any nature whatsoever, except for the obligations set out in Paragraphs 8 through 10.

## V. COUNSEL FOR LAVERY COMPLETED AN INITIAL INVESTIGATION OF THE FACTS IN THIS CASE.

This was not a baseless filing intended to injure or harass Pursuant. Plaintiff's counsel spent considerable time, with Lavery, reviewing the facts, pertinent law, and relevant documents before filing the Complaint in this matter, and the conduct of Plaintiff's counsel was objectively reasonable under the circumstances.

## VI. CONCLUSION

For the foregoing reasons, Lavery requests that the Court deny Pursuant's *Motion* in its entirety.

Respectfully submitted, this 9th day of June, 2023.

Inosencio & Fisk, PLLC

/s/ Bruce A. Inosencio, Jr.
By: Bruce A. Inosencio, Jr., P54705
Attorney for Kevin T. Lavery, M.D.
740 West Michigan Avenue
Jackson, Michigan 49201
Telephone: (517) 796-1444
Email: bruce@inosencio.com

## CERTIFICATE OF SERVICE

On June 9, 2023, a copy of this document was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Inosencio & Fisk, PLLC

Dated: June 9, 2023  /s/ Bruce A. Inosencio, Jr., P54705
Attorney for Kevin T. Lavery, M.D.