UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN T. LAVERY,

    Plaintiff,                             Civil Action No. 22-cv-10613
                                             HON. BERNARD A. FRIEDMAN

vs.

PURSUANT HEALTH, INC.,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO IMPOSE AN EVIDENTIARY BAR AND GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE A REPLY BRIEF

Before the Court is Pursuant Health's motion to impose an evidentiary bar against Dr. Kevin T. Lavery for failing to timely serve supplemental discovery responses pursuant to Magistrate Judge Kimberly G. Altman's November 15, 2022 discovery order. (ECF Nos. 24-25). Dr. Lavery responded. (ECF No. 28). Pursuant Health filed a motion for leave to file a reply.[1] (ECF No. 29). The Court will decide the motions without oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

---

[1] Pursuant Health moved for leave to file a reply brief although it is entitled to one. *See* E.D. Mich. LR 7.1(d)(1)(A) ("A movant may also file a reply brief.").

The Court will deny the motion because the parties have now conferred and resolved the substance of their dispute.[2] (ECF No. 29-1, PageID.341). And while Dr. Lavery served the supplemental discovery responses untimely, his failure to adhere to the November 15, 2022 discovery order's timeframe does not justify imposing an evidentiary bar. Nothing precludes Pursuant Health from subsequently moving to limit the introduction of evidence at trial so long as it can demonstrate that Dr. Lavery's untimely responses actually prejudiced its defense.

Lastly, the Court denies the relief Pursuant Health requests in the reply brief since it falls outside the scope of the relief requested in the initial motion. *See Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986). Accordingly,

IT IS ORDERED that Pursuant Health's motion to impose an evidentiary bar against Dr. Lavery for failing to timely serve supplemental discovery responses (ECF No. 25) is denied.

---

[2] Pursuant Health does not contest that it violated E.D. Mich. 7.1(a)'s meet and confer requirement. (ECF No. 28, PageID.303). A little communication could have gone a long way in resolving the parties' disagreement and, perhaps, dispensed with the need for a motion altogether. The Court expects the parties to rigorously adhere to Rule 7.1(a) going forward. It will not impose sanctions for Pursuant Health's non-compliance. *See* E.D. Mich. LR 7.1(a)(3).

IT IS FURTHER ORDERED that Pursuant Health's motion for leave to file a reply brief in support of the motion (ECF No. 29) is granted.

**SO ORDERED.**

Dated: June 12, 2023
Detroit, Michigan

s/Bernard A. Friedman
Hon. Bernard A. Friedman
Senior United States District Judge